IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 20 2007
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

DWIGHT PIPES, individually and as
administrator of the estate of DIANE PIPES,
and on behalf of all others similarly situated,

    Plaintiff,

vs.                                                CIVIL ACTION NO.: 1:07cv00035SWW

LIFE INVESTORS INSURANCE COMPANY
OF AMERICA,

    Defendant.

This case assigned to District Judge Wright
and to Magistrate Judge _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Life Investors Insurance Company of America ("Life Investors"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 files this Notice of Removal of this case from the Circuit Court of Jackson County, Arkansas, in which court this case was commenced, to the United States District Court for the Eastern District of Arkansas, Northern Division, being the district and division embracing the place where the case is pending. In support of this Notice of Removal, Life Investors states the following:

### Timeliness of Removal

1.     Plaintiff commenced this action by filing the Complaint in the Jackson County Circuit Court, Arkansas, on or about June 6, 2007. The Complaint, Summons and other papers were served on June 20, 2007 upon the Arkansas Insurance Department, and thence on June 25, 2007 on CT Corporation, Life Investors' agent for service in Arkansas. This removal was effected within 30 days of service of the Complaint on Life Investors. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (notice of removal is

timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

## Class Action

2.  This action was filed under Rule 23 of the Arkansas Rules of Civil Procedure, a State rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action. Complaint ¶¶ 14-21. The Complaint estimates that the number of class members is "several hundred, if not thousands . . . ." Complaint ¶ 15. Accordingly, this action is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B).

## Diversity Jurisdiction

3.  At the time the Complaint was filed, at the time of removal and at all intervening times, the Plaintiff Dwight Pipes was (and is) a resident and citizen of the State of Arkansas. Complaint ¶ 2. At the time the Complaint was filed, at the time of removal and at all intervening times, Life Investors was (and is) a corporation organized under the laws of the State of Iowa with its principal place of business in the State of Iowa. *See* Declaration of James A. Byrne ¶ 7 ("Byrne Decl.") (attached hereto as Exhibit A). Life Investors is therefore a "citizen" of Iowa. 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of the State where it is incorporated and of the State where it has its principal place of business).

4.  This Court has original jurisdiction over the claims asserted by Plaintiff because this action presents a dispute in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Accordingly, this case is removable under 28 U.S.C. § 1441(a).

5.  This action may not be remanded under 28 U.S.C. § 1332(d)(3) or (d)(4) because Life Investors, the sole defendant, is the citizen of a State other than the State in which the action was originally filed. Byrne Decl. ¶ 7.

## Allegations and Claims in the Complaint

6.  The Plaintiff brings this lawsuit alleging that Plaintiff and his spouse "purchased a policy of cancer insurance from Life Investors, bearing policy number 0D1497820" under which Life Investors was "obligated to pay to the Pipes, specified benefits for various actual charges incurred by the Pipes, if either is diagnosed with cancer." Complaint ¶¶ 8-9. The Complaint further alleges that Mrs. Pipes was diagnosed with cancer in December 2004, that the Pipeses submitted claims to Life Investors for benefits under their cancer policy, and that Life Investors "wrongfully denied payment for some of the benefits . . . ." Complaint ¶¶ 10-12. Plaintiff alleges that Life Investors "was required to pay benefits to the Pipeses based on the 'actual charges' incurred" by them, but that Life Investors paid benefits "based on adjusted charges." Complaint ¶ 13.

7.  Based on these allegations, the Complaint purports to assert claims for breach of contract, injunctive and declaratory relief, and for statutory penalties, costs and attorneys' fees pursuant to Ark. Code § 23-79-208. Complaint ¶¶ 23-30, and "Wherefore" clause.

## Amount in Controversy

8.  The Complaint defines the putative class as follows:

> All persons residing within the State of Arkansas who are/were cancer benefit insurance policyholders with Life Investors Insurance Company since January 1, 2006, and who have been and/or will be denied full payment for benefits under the Radiation Therapy – In or Out of Hospital; Chemotherapy – In or Out of Hospital; Blood, Plasma, and Blood Components; and, Ambulance benefit provisions of their Life Investors Insurance Company cancer insurance policies. The class specifically excludes any cancer benefit insurance policies issued and/or purchased from Life Investors Insurance Company through any employee benefit plan governed by the Employee Retirement Income Security Act.

Complaint ¶ 14.

9. Assuming for purposes of this filing all of the allegations of the Complaint to be true, and disregarding for purposes of this filing each and every defense of Life Investors, of the insureds residing in Arkansas who are/were cancer insurance policyholders with Life Investors since January 1, 2006, approximately 265 submitted claims for benefits based on actual charges and received benefits less than the submitted "list" price. Byrne Decl. ¶ 5. For medical services rendered on or after April 1, 2006, the Plaintiff and putative class members have submitted to Life Investors, in connection with claims under cancer policies for benefits based on actual charges, provider statements showing "list" prices in the amount of $6,436,268.04 (the "List Prices"). Byrne Decl. ¶ 5. Life Investors calculated that the actual charges relating to these List Prices totaled $3,174,783.36 (the "Actual Charges"). Byrne Decl. ¶ 5.

10. The difference between the total List Prices and the total Actual Charges is $3,261,484.68. Byrne Decl. ¶ 5.

11. The Complaint also asserts claims for list prices on behalf of policyholders in the future. Complaint ¶ 14. Based on the data in the Byrne Declaration, it is more likely than not that an amount similar to the amount in paragraph 10 above is at stake for putative class members who make claims under their cancer policies during the next twelve months. Byrne Decl. ¶ 6. Moreover, because the Complaint asserts claims on behalf of putative class members into the indefinite future, and not just for the next year, the actual amount at stake for future claims easily exceeds the amount in paragraph 10 above. Thus, the amount placed in controversy simply by the compensatory claims asserted in the Complaint well exceeds the jurisdictional threshold of $5 million, exclusive of costs and interest.

12. The Complaint further seeks statutory penalties, costs and attorneys' fees pursuant to Ark. Code § 23-79-208. Complaint ¶¶ 29-30. Section 23-79-208 provides for a 12%

4

enhancement of damages plus reasonable attorneys' fees in all cases in which a loss occurs and the "health, medical, hospital or surgical benefit insurance company" fails to pay the loss within the time specified in the policy after a demand has been made.

13. When these additional claims are added to the compensatory claims discussed in paragraphs 9-11 above, it is indisputable that the amount in controversy in this case exceeds $5 million, exclusive of interest and costs.

14. Moreover, CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. REP. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

15. For these reasons, the amount in controversy in this case exceeds the jurisdictional threshold in 28 U.S.C. § 1332(d)(2)(A).

16. A copy of all process and pleadings served upon Life Investors is attached hereto as Exhibit B. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through his counsel of record and a copy of this Notice of Removal has been filed with the Circuit Court for Jackson County, Arkansas.

Dated: July 20, 2007

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800

By: _____
John K. Baker, Ark. Bar No. 97024

Attorneys for Life Investors Insurance Company of America

OF COUNSEL:

Markham R. Leventhal
JORDEN BURT LLP
777 Brickell Avenue
Suite 500
Miami, Florida 33131
Telephone: 305-371-2600

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Notice of Notice of Removal was served by mailing same by United States Mail, first-class postage prepaid, to the following person on the 20th day of July, 2007:

Tom Thompson, Esq.
Casey Castleberry, Esq.
MURPHY, THOMPSON, ARNOLD, SKINNER & CASTLEBERRY
Post Office Box 2595
Batesville, Arkansas 72503-2595

_____
John K. Baker

*159970*