IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DWIGHT PIPES, individually and as
administrator of the estate of DIANE PIPES,
and on behalf of all others similarly situated,

    Plaintiff,

vs.                                  CIVIL ACTION NO.: 1:07-cv-00035-SWW

LIFE INVESTORS INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

## JOINT RULE 26(f) REPORT

Plaintiff Dwight Pipes and Defendant Life Investors Insurance Company of America ("Life Investors") (collectively, the "Parties") jointly submit this report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1.

(1)    Changes to Fed. R. Civ. P. 26(a): The Parties do not propose any changes in the form or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a), but the parties believe that the timing of those disclosures should be modified as described in paragraph 2 of this Joint Report.

(2)    Date for mandatory disclosures: The Parties will exchange on or before **November 1, 2007** the materials and disclosures required under Rule 26(a)(1)(A) through (D).

(3)    Subjects on which discovery may be needed:

    **By Life Investors:** This case presents a threshold issue of law regarding the meaning of the words "actual charges" as used in Ms. Pipes' supplemental cancer insurance policy (the "Policy"). Any discovery should be limited to issues related to the meaning of the words "actual charges" in the Policy.

    **By Plaintiffs:** Plaintiffs require discovery on class certification issues, to be

followed by merits discovery in a two phase discovery plan described in greater detail in No. 11, *infra*.

(4)  Electronic discovery issues:  The parties may request in discovery, copies of records that are stored in an electronic format.

    (a)  Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

    (b)  The parties do not anticipate requesting electronic media the production of which will exceed the scope, cost, and time that is reasonably available to the parties in the ordinary course of business;

    (c)  The parties agree that such data may be produced in a hard copy (paper) format;

    (d)  The parties attest that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

    (e)  The parties do not presently anticipate any other problems which may arise in connection with electronic or computer-based discovery.

(5)  Discovery cut-off date:

    **By Life Investors:  June 30, 2008** (sixty (60) days before trial).

    **By Plaintiffs:**  See two phase discovery plan described in greater detail in No. 11, *infra*.

(6)  Any needed changes in limitations imposed by the Federal Rules of Civil Procedure:  None.

(7)  Any Orders, e.g. protective orders, which should be entered:  The parties anticipate that a confidentiality and protective order should be entered.  The parties will submit a draft agreed order for the Court's consideration.

(8)  Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action:  None.

(9)  Any objections to the proposed trial date:  None.

(10) Proposed deadline for joining other parties and amending the pleadings: **December 1, 2007.**

(11) Proposed deadline for completing discovery:

**By Life Investors: June 30, 2008** (sixty (60) days before trial).

**By Plaintiffs:** Plaintiff proposes that discovery should be conducted in two phases.

In Phase One, which shall conclude on or before **December 15, 2007**, Plaintiffs propose discovery on matters relevant to the class action requirements of Federal Rule of Civil Procedure 23. However, insofar as any witness deposed during Phase One may present deposition testimony regarding certification and merits related facts and issues, said witnesses' deposition may address all facts and issues so as to avoid deposing the witness twice.

In Phase Two, Plaintiffs propose discovery on matters relevant to the merits of the case, as well as on any unresolved matters outstanding from Phase One. In regards to the Phase Two schedule, Plaintiffs propose that the parties jointly (or separately, if the parties cannot agree) file a proposed scheduling order within thirty (30) days of this Court's Order on Class Certification, unless the action is stayed under Fed. R. Civ. P. 23(f) pending appeal of the class certification decision, in which case such schedule shall be submitted within thirty (30) days of the resolution of such appeal.

Additionally, Plaintiffs propose that the parties shall have the right to conduct any discovery necessary to oppose a dispositive motion, irrespective of whether the motion pertains to class certification or merits issues. Further, Plaintiffs propose that if additional discovery is necessary to oppose such a motion, but the discovery deadline has passed, either of the parties can agree to allow additional discovery to occur or they can petition the Court to allow them to do so.

(12) Proposed deadline for filing dispositive motions: **July 28, 2008**.

(13) Proposed deadline for filing Motion for Class Certification: **On or before March 1, 2008**.

| | |
|---|---|
| */s/ Scott Brady* | October 11, 2007 |
| (Signature of Counsel) | (Date) |

Philip Bohrer
Scott Brady
BOHRER LAW FIRM
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809

- AND -

Tom Thompson, Esq.
Casey Castleberry, Esq.
**MURPHY, THOMPSON, ARNOLD, SKINNER & CASTLEBERRY**
Post Office Box 2595
Batesville, Arkansas 72503-2595

Attorneys for Dwight Pipes and
The Estate of Diane Pipes


|          */s/ John K. Baker*          | October 11, 2007 |
|---|---|
| (Signature of Counsel) | (Date) |

John Baker, Esq.
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas  72201
(501) 688-8800

- AND -

Markham R. Leventhal, Esq.
Julianna Thomas McCabe, Esq.
**JORDEN BURT LLP**
777 Brickell Avenue, Suite 500
Miami, Florida 33131
(305) 371-2600

Attorneys for Life Investors Insurance
Company of America

4