IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DWIGHT PIPES, et al.,

    Plaintiffs,

vs.                                        CIVIL ACTION NO.: 1:07-cv-0035-SWW

LIFE INVESTORS INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL INITIAL DISCLOSURES
<u>OF PLAINTIFF EARL LEE PURIFOY</u>**

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Life Investors Insurance Company of America ("Life Investors"), submits this memorandum of law in support of its motion to compel the Initial Disclosures of Plaintiff Earl Lee Purifoy (the "Motion").

**<u>FACTUAL BACKGROUND</u>**

On January 22, 2008, Plaintiffs filed a Second Supplemental and Amending Class Action Complaint (hereinafter the "Complaint") for Damages adding Earl Lee Purifoy ("Purifoy") as a named plaintiff. (Doc. #36). Life Investors answered the Complaint and filed a Counterclaim on February 7, 2008 (Doc. #37), which attached as Exhibit B, a duplicate of Purifoy's Life Investors cancer insurance policy. By agreement, the parties were to exchange initial disclosure documents relevant to Purifoy's claims on February 29, 2008. The plaintiffs collectively served an amended Initial Disclosure form on February 29, 2008 which attached none of Purifoy's documents. *See* Rule 26 Initial Disclosure, attached hereto as Exhibit A. In fact, the only document served with the new disclosures was Life Investors' copy of the duplicate policy which

Life Investors had filed with its Counterclaim. Moreover, the only documents listed or described in Purifoy's Initial Disclosures were documents that had been produced by Life Investors. On March 11, 2008, counsel for Life Investors sent a letter to Purifoy's counsel regarding Purifoy's incomplete Initial Disclosures and requesting complete production in compliance with Rule 26(a) including "all of the 'medical records, medical bills and other documents' alleged in paragraph 12 of the [C]omplaint." Counsel for Purifoy have ignored Life Investors' request that they produce initial disclosure documents. For his part, Purifoy testified at his April 8, 2008 deposition that he had not even been asked to look for documents (not even his original policy) to be produced in this action.

## ARGUMENT

Purifoy has failed to make his Initial Disclosures as required by the Federal Rules of Civil Procedure. Rule 26(a)(1)(A)(ii) requires that each party make Initial Disclosures including a copy or description, including the location, of all documents that the party "has in its possession, custody, or control and may use to support its claims or defenses." Pursuant to Rule 37(a)(4), incomplete Initial Disclosures "must be treated as a failure to disclose, answer, or respond." In his Initial Disclosures, Purifoy failed to comply with the initial disclosure requirements and is deemed to have failed to make his Initial Disclosures. When asked at his recent deposition, whether he had a copy of the insurance policy upon which his claims are based, Purifoy testified:

        A.    I don't have it with me.

        Q.    Do you have it at home?

        A.    Yeah.

        Q.    Did you ever lose your policy?

>   A. No, it's at the house somewhere . . . .
>
>   Q. You haven't given it to your attorneys?
>
>   A. Oh, no.
>
>   Q. So you think it's at the house somewhere?
>
>   A. Yeah.  Yeah, I'm sure it is.

Deposition of Earl Lee Purifoy ("Purifoy Dep.") at 40-41, relevant excerpts attached hereto as Exhibit B.  Upon further examination by his own attorney, Purifoy added that his counsel never requested that he locate any documents for this case:

>   Q. [By plaintiff's counsel]  Have you not been requested by your attorneys to locate documents for this case in the past?
>
>   A. No. . . .

Purifoy Dep. at 179.

Rule 37(a)(3)(A) states that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Furthermore, if a party fails to disclose a document as required by Rule 26(a), then that party is not allowed to use that document "to supply evidence on a motion, at a hearing, or at trial."  *See* Fed. R. Civ. P. 37(c)(1).  Because Purifoy has failed to make Initial Disclosures required by Rule 26, and plaintiffs' counsel have failed to make any effort to obtain these documents, Purifoy should be compelled to produce all documents that he has in his possession, custody, or control that he may use to support his claims or defenses, including a copy of his Life Investors' policy.  In the alternative, Purifoy should be barred from later relying upon any documents that should have been produced in connection with his Initial Disclosures.

**CONCLUSION**

For the reasons set forth above, this Court should enter an Order compelling Purifoy to make full Initial Disclosures as required by Rule 26(a), requiring Purifoy to pay the fees and costs associated with preparing this motion, and provide such other relief that the Court finds just and proper.

Respectfully submitted,

/s/ Julianna Thomas McCabe

| | |
|---|---|
| John K. Baker, Esq., | Markham R. Leventhal, Esq. |
| Ark. Bar No. 97024 | Julianna Thomas McCabe, Esq. |
| **MITCHELL, WILLIAMS, SELIG,** | **JORDEN BURT LLP** |
| **GATES & WOODYARD, P.L.L.C.** | 777 Brickell Avenue, Suite 500 |
| 425 West Capitol Avenue, Suite 1800 | Miami, FL  33131 |
| Little Rock, Arkansas  72201 | Tel:  (305) 371-2600 |
| (501) 688-8800 | *Attorneys for Defendant Life Investors* |
| | *Insurance Company of America* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Tom Thompson, Esq.
Casey Castleberry, Esq.
MURPHY, THOMPSON, ARNOLD, SKINNER & CASTLEBERRY
Post Office Box 2595
Batesville, Arkansas 72503-2595

Philip Bohrer, Esq.
Scott E. Brady, Esq.
BOHRER LAW FIRM, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809

Stan P. Baudin
Pendley Law Firm
Post Office Drawer 71
Plaquemine, Louisiana 70765-0071

    /s/ Julianna Thomas McCabe