IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT PIPES, individually and as administrator of the estate of DIANE PIPES, and EARL LEE PURIFOY, and on behalf of all others similarly situated | * * * * * * | |
| Plaintiffs | * * | NO: 1:07CV00035   SWW |
| VS. | * * | |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA | * * * | |
| Defendants | * | |

**ORDER**

Before the Court is a motion to intervene (docket entry #147) and motion for emergency injunctive relief (docket entry #148) by movant Daniel A. Crager.  After careful consideration, and for reasons that follow, the motion to intervene will be denied, and the motion for emergency injunctive relief will be denied as moot.

Plaintiff Dwight Pipes ("Pipes') commenced this putative class action in state court against Life Investors Insurance Company of America ("Life Investors"), asserting claims for breach of contract and bad faith refusal to pay claims submitted under supplemental cancer insurance polices.  Life Investors removed the case to this federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and after removal, Pipes filed a second amended complaint adding Earl Lee Purifoy ("Purifoy") as a named plaintiff.

By order entered November 21, 2008, the Court denied Plaintiffs' motion to certify 2

1

state-wide classes, finding among other things that Pipes and Purifoy do not qualify as adequate class representatives.

On March 13, 2009, Pipes, Purifoy, and six other individuals filed suit in state court (hereinafter "the state-court action") against Life Investors and other insurance companies, alleging claims similar to those asserted in this case. *See Runyon v. Transamerica Life Ins. Co.*, Case No. CV-09-2006-3 (Circuit Court of Pulaski County, Ark., Third Division). In the state-court action, the plaintiffs seek to represent a nation-wide class of persons insured under the defendants' supplemental cancer insurance policies, and the parties have moved for approval of a class settlement. By order entered June 8, 2009, the Court granted the parties' joint motion to stay this case pending final approval of the class settlement proceedings in state court. The state court has granted preliminary approval of the proposed settlement, and a hearing to consider final approval was scheduled for November 9, 2009.

On November 5, 2009, Daniel A. Crager ("Crager") filed a motion to intervene in this case (docket entry #147), an emergency motion for injunctive relief under the All Writs Act (docket entry #148), and a motion requesting an expedited hearing prior to the fairness hearing scheduled for November 9, 2009 in state court (docket entry #149).[1] In a proposed complaint in intervention submitted along with his motions, Crager alleges that he is a citizen and resident of Mississippi, and in his motion to intervene, Crager alleges that he is an unnamed member of the nation-wide class represented in the state court action. Crager does not allege that he is a member of either of the uncertified, state-wide classes described in Plaintiffs' amended

---

[1] In a text entry order entered November 6, 2009, the Court denied Crager's motion for an expedited hearing and noted that a written order would follow.

complaint filed in this case.

With his emergency motion for injunctive relief under the All Writs Act, Crager asks the Court to enjoin the state court from granting final approval of the proposed settlement agreement and to enjoin the parties to the state-court action from pursuing final approval of the proposed settlement agreement. According to Crager, the proposed settlement agreement is collusive and "completely sells out class members in exchange for negligible relief." Crager contends that if the state-court action proceeds, "this Court's jurisdiction and authority will be seriously violated." Docket entry #148, at 9.

The Anti-Injunction Act generally prohibits the federal courts from interfering with state-court proceedings:

> A court of the United States may not grant an injunction to stay proceedings in State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. 2283.

The Supreme Court has explained that the Anti-Injunction Act "is a necessary concomitant of the Framer's decision to authorize, and Congress' decision to implement, a dual system of federal and state courts. It represents Congress' considered judgment as to how to balance the tensions inherent in such a system." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 1689 (1988). Injunctions enjoining state proceedings are permitted only in specific circumstances: when expressly authorized by statute, necessary in aid of the court's jurisdiction, or necessary to protect or effectuate the court's judgment. The Supreme Court has recognized that the foregoing exceptions are designed to insure the supremacy and effectiveness of federal law, and they "are narrow and are 'not [to] be enlarged by loose statutory

construction.'" *Id.*(quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743 (1970)).

Crager argues that an injunction in this case is necessary and appropriate in aid of the Court's jurisdiction and, thus, authorized under the Anti-Injunction Act and the All Writs Act.[2] The Court disagrees. If the Court had certified a class or conditionally approved a class settlement in this case, the state-court proceedings might present a genuine threat to the Court's jurisdiction--but such is not the case. Furthermore, this Court's determination that the requisites for certification under Rule 23 of the Federal Rules of Civil Procedure were lacking in this case does not prevent Pipes, Purifoy, and other representative plaintiffs named in the state-court action from seeking class certification of a nation-wide class and approval of a class settlement in state court.[3] *See In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1258 (11th Cir. 2006)(finding that denial of class certification does not constitute a final judgment sufficient to satisfy the res judicata principles underlying the relitigation exception to the Anti-Injunction Act); *see also In re General Motors Corp.*, 134 F.3d 133, 146 (3rd Cir. 1998)(same); *J.R Clearwater Inc. v. Ashland*

---

[2] The All Writs Act provides: The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A federal court's power to issue writs under the All Writs Act parallels the exception to the Anti-Injunction Act that permits injunctions "necessary in aid of jurisdiction."

[3] The federal removal statute, 28 U.S.C. § 1446(d), authorizes injunctions against state courts when a case is removed to federal court. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 640, 97 S. Ct. 2881, 2892 (1977)("The statutory procedures for removal of a case from state court to federal court provide that the removal acts as a stay of the state-court proceedings."). However, it does not follow that this Court may enjoin a separate state court action commenced by Plaintiffs *and* other individuals, when Defendant has not invoked its right to remove that case to federal court. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 123 S. Ct. 366 (2002)(rejecting the argument that the All Writs Act empowers federal courts to depart from the specific requirements of the federal removal statute).

*Chem. Co.*, 93 F.3d 176 (5th Cir.1996 )(same).

Crager seeks to intervene in this case for the asserted purpose of preserving his rights and the rights of other unnamed class members in the state-court action by way of an injunction that enjoins the state court settlement proceedings. The Eighth Circuit has held that Article III standing is a prerequisite for intervention–whether of right or permissive--in a federal lawsuit. *See Curry v. Regents of University of Minnesota*, 167 F.3d 420, 422 (8th Cir. 1999) (citing *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 570, 573 (8th Cir. 1998)). Accordingly, Crager must demonstrate an injury in fact, a causal relationship between the complained-of conduct and the alleged injury, and that the injury would be redressed by a favorable decision. *See id*. Here, the remedy sought is unavailable, and Crager has failed to allege an injury that is redressable by this federal court. Accordingly, the motion to intervene must be denied.

IT IS THEREFORE ORDERED that the motion to intervene by movant Daniel A. Crager (docket entry #147) is DENIED.

IT IS FURTHER ORDERED that the motion for injunctive relief under the All Writs Act by movant Daniel A. Crager is DENIED AS MOOT.

IT IS SO ORDERED THIS 12TH DAY OF NOVEMBER, 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE